ABBIE L. WATERMAN

v.

PHILANDER M. ALDEN ET AL.

1.  STATUTE—ADMINISTRATION—DISCRETION OF COURT.—Section 92 of chapter 3 of the Revised Statutes is not peremptory.  It is left to the court in matters of this kind to exercise a sound discretion and to divide the assets or not, in kind, as the court may think for the best interests of all concerned.
2.  SAME—NOTES AND ACCOUNTS.—The court is of opinion that notes and accounts are not meant to be included in section 92 of chapter 3 of the Revised Statutes; that section having more particular reference to personal property subject to sale, under section 90 of the same statute.

APPEAL from the Circuit Court of DeKalb county; the Hon. C. W. UPTON, Judge, presiding.  Opinion filed August 7, 1885.

The appellant filed in the county court a petition, July 1, 1884, showing that she was the widow of James S. Waterman, deceased, who died July 19, 1883, and that deceased left a will which had been admitted to probate and that appellees had been appointed executors.  That deceased left surviving no child or children, or descendants of a child or children, and that she had renounced the benefit of the provisions of said will in her favor, and had elected to take her share of her estate under the statute, amounting to one half thereof after the payments of all just debts, and that the executors have qualified as such.  The petitioner showed that the inventory of the estate was of the value, at the time of the filing the petition, of $531,428.34, of which $127,512.70 was in real estate, and the sum of $403,915.64 was in personal effects.  The doubtful and desperate credits and assets of the estate were about $90,000; that the claims filed against the estate at the time amounted to $153,696.85, but it was charged that the real indebtedness would not exceed one fourth of the amount, and she believed much less; that there had been divided $12,-000 in cash between the petitioner and the executors, and of certain stocks, to amount of $24,973.32, equally, by order of

court. The petitioner claims that after deducting the total amount of desperate and doubtful credits and assets, together with the total amount of the claims filed against the estate and the amounts distributed by order of the court, there remained of the estate the sum of $121,245.47, of which the petitioner claimed one half as her further distributive share; that all said personal estate was in the actual custody and control of appellees, and she prays that she have her share set apart to her without delay and offers to give her bond, as required by statute, etc., to refund any part of the estate as should thereafter be lawfully required for the payment of the proper proportion of any debts which might afterward appear against the said estate and the costs against the recovery thereof, and offers to make condition of the bond that any loss or extra expense incurred by setting apart to the executor in trust any note or other personal property which can not be collected by proper diligence, or any loss over and above the loss sustained by the petitioner, she will make good. July 28, 1884, appellees filed their answer, substantially admitting the facts charged in the petition, but for greater certainty referred to the inventory and files of the court, concerning the estate, as part of their answer. They admit that the claim will not probably be allowed to a greater amount than claimed in the petition. They are personally desirous that a distribution of the kind claimed should take place, but they state to the court that they do not believe under the law now existing in the State of Illinois, as to distribution in kind, that such distribution is practicable, because the personal property consisted of chattels and notes and other evidence of indebtedness of uncertain value, and that it is a mere matter of judgment in which different men of good understanding would probably very widely differ as to what would constitute a fair and equal division of the personal property. Appellees claim that they are not empowered as trustees, under the will, to consent to receive what, in their judgment even, might be a fair distribution of the estate, in its present condition, and object on account of the risk it would subject them to in the future to show that they had made a judicious division of the estate,

and claim lack of power without the consent of the distribu-
tees.  It appears from the inventory that the estate sought
to be distributed consists of about $7,000 worth of chattel
property; $2,700 interest in Kansas cattle; $14,500 in con-
tracts for conveyance of land; $182,506, notes, secured by
mortgage, good; $50,000, notes, not secured, good; $7,500,
notes, doubtful; $40,000, notes, desperate; also $10,000,
notes, on R. W. Waterman, and one for $27,000 on J. C.
Waterman, desperate; stocks and bonds, etc., good, $26,000;
rent due and unpaid, $2,500; book account, good, $1,300, and
same doubtful, $3,000, and same desperate, $10,000, and judg-
ment desperate for $1,300.   Books show claims filed up to
April 27, 1885, to be $193,805.16.   One of the items of $60,-
000 to $75,000 would be inventoried differently on account of
change of circumstances.   There was a difference in the items
inventoried good, doubtful and bad; not all of any one class
was equally collectible.

The county court refused the prayer of the petition and dis-
missed the same, which order was affirmed by the circuit
court and the cause brought to this court.

Mr. C. C. BONNEY and Mr. J. L. PRATT, for appellant; cit d
R. S., Ch. 3, §§ 92, 93; Reynolds v. People, 55 Ill. 328; Dix-
on v. Buell, 21 Ill. 203; Moore v. Rogers, 19 Ill. 347.

Messrs. CARNES & DENTON and Messrs. WILSON & MOORE,
for appellees.

LACEY, P. J.   The question arises in this case whether it was
the duty of the court to order the distribution of the estate
in kind, giving a portion of the notes and property to one
and a portion to the other.   It is claimed by appellants that
Section 92 of Chap. 3 of the Revised Statutes authorizes and
requires this to be done.

The statute is as follows:

" If the sale of the personal property is not necessary for
the payment of debt, or legacies, or the proper distribution
of the effects of the estate, the court may order that the prop-
erty be preserved and distributed in kind."

It may be doubted whether the above statute has reference to choses in action and other claims that merely have to be collected and are not to be sold by the administrator for the payment of debts. The statute in words refers to personal property, the *sale* of which is not necessary for the payment of debts or for distribution, or the payment of legacies.

Notes and accounts, of which the estate in question chiefly consists, are not required to be sold by the executors. It is their duty to collect them and pay over the proceeds to the parties entitled to them. It would be only by implication that notes would be included. But whatever construction may be placed on the above section of the statute in regard to the distribution of the notes and accounts, it appears quite clear that the statute is not peremptory. It provides that the court *may divide* the assets in kind, but does not say that it shall do so. It appears to us that it is left to the court, in matters of this kind, to exercise a sound discretion and to divide the assets or not, in kind, as the court may think for the best interests of all concerned. The very terms of the statute so implies. It provides that the personal property may be distributed in kind, 1, when it is not necessary to sell it to pay debts or legacies; 2, when not required to be sold in order to properly distribute the estate. Who is to decide as to whether the collection of the notes and accounts is necessary for the proper distribution of the assets? Evidently it is the business of the county court to pass upon that question, and it necessarily must have a large discretion in the matter, which the circuit or appellate court ought not lightly to interfere with. We do not wish to hold that in no case would its discretion be interfered with by this court, but we think clearly this is not one of the cases.

In so large an estate as this, with such a variety of personal property, consisting of notes and accounts of different quantities and grades and other personal property, it would appear to be a very difficult task to make a proper distribution of the personal assets in kind, attended with considerable risk of great complications that might arise in consequence of such an attempt.

Then there were a large amount of debts and claims filed against the estate at the time of the filing of the petition, amounting to $153,696.85, and at the time of hearing they had increased to $193,805.16, none of which had been allowed. The widow, under the above section of the statute, would have no more right to select her share, which would come to her as an heir of the estate, than the appellees would representing the other heirs. In case no agreement could be arrived at by the appellant and appellee, the court would have to appoint a commission to make partition, or hear evidence and decide for itself, and to declare first what should be retained for the payment of debts and then what each heir should have. Evidently the simplest and best way would be to allow the appellees to settle the estate in the ordinary way, after collecting the notes and accounts.

Under the circumstances and in the condition this estate is it would have been manifestly improper to order a distribution of any portion of it in kind, even if, under any circumstances, such distribution would be legal under the statute, which we are inclined to hold that it would not, notes and accounts not being meant to be included in section No. 92 of the statute, that section having more particular reference to personal property subject to sale under section 90 of the same statute. The judgment of the court below is therefore affirmed.

Affirmed.